UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61044-GAYLES

*In re*

THOMAS BORZILLERI and
MINDEE BORZILLERI,
      Debtors.

Bankruptcy Case No. 14-27004-JKO

_____/

THOMAS BORZILLERI,
      Appellant,

v.

Adversary Case No. 15-01004-JKO

CANADIAN IMPERIAL BANK OF
COMMERCE,
      Appellee.

_____/

## ORDER DISMISSING APPEAL

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. The Court has carefully considered the record in this case and is otherwise fully advised in the premises.

The Appellant, proceeding *pro se*, initiated this Bankruptcy Appeal with the filing of a Notice of Appeal on May 17, 2016 [ECF No. 1]. The Bankruptcy Transmittal of Designated Record to District Court was entered on the docket on June 23, 2016 [ECF No. 7]. On June 24, 2016, the Clerk of Court entered a "Bankruptcy Notice of Entry pursuant to Rule 8018 and Notice to Attorney" [ECF No. 8], which informed the parties that the Appellant had 30 days from the entry of the Bankruptcy Transmittal of Designated Record to District Court to serve and file a brief.

Pursuant to Southern District of Florida Local Rule 87.4, governing Bankruptcy Appeals, "the briefing schedule specified by Federal Rule of Bankruptcy Procedure 8018 may be altered only by order of the District Court." S.D. Fla. L. R. 87.4(f)(1). Rule 8018 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that an appellant "must serve and file a brief

1

within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). Furthermore, "[i]f an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court, or BAP, after notice, may dismiss the appeal on its own motion." *Id.* 8018(a)(4).

Under these rules, the Appellant was required to file and serve his initial appeal brief within 30 days of the entry of the Bankruptcy Transmittal of Designated Record to the District Court—*i.e.*, **Monday, July 25, 2016**. As of the date of this Order, no such appeal brief has been filed and the Appellant has not requested an extension of time or otherwise appeared in this case. The Appellant's "complete failure to take any steps other than the mere filing of a notice of appeal" is grounds for dismissal. *Lawrence v. Educ. Credit Mgmt. Corp.*, 522 F. App'x 836, 839 (11th Cir. 2013) (per curiam) (quoting *Brake v. Tavormina* (*In re Beverly Mfg. Corp.*), 778 F.2d 666, 667 (11th Cir. 1985)); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (citation and internal quotation marks omitted)); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) ("Liberal construction does not mean liberal deadlines." (citation and internal quotation marks omitted)).

Accordingly, it is **ORDERED AND ADJUDGED** that this appeal is **DISMISSED** for failure to comply with Fed. R. Bankr. P. 8018(a) and for lack of prosecution.

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of August, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE